GRIFFIS, J.,
for the Court.
¶ 1. Coryell Taylor was convicted on two counts of armed robbery and one count of aggravated assault. Taylor was sentenced to serve thirty-five years in the custody of the Mississippi Department of Corrections on each count of armed robbery, to run concurrently, and twenty years on the count of aggravated assault, with the sentences to run consecutively. On appeal, Taylor argues that his conviction is not supported by legally sufficient evidence. We find no error and affirm.
FACTS
¶ 2. On the night of November 4, 2000, two college students, Larry Boyd, Jr. and Christopher McAdory, traveled from *1269 Huntsville, Alabama to Jackson, Mississippi to visit a Mend and attend a football game. Arriving after midnight, they realized that they were lost and in need of gas. They exited the interstate and pulled into a truck stop. While fueling up and waiting for their friend to meet them, they were approached by Coryell Taylor and Edward Ammons. Taylor and Ammons claimed they had been left at the truck stop and asked for a ride.
¶ 3. Boyd and McAdory were met by their Mend and attempted to leave the truck stop. When Boyd and McAdory reentered their car, Taylor and Ammons got in the back seat of the car and told them to drive. Boyd and McAdory’s Mend followed behind in her car. After a few minutes, McAdory, who was driving, was told to stop the car.
¶ 4. A gun was fired from the back seat of the car through the windshield, and Taylor demanded their possessions. Boyd ran from the car and was followed by Taylor, who began shooting at Boyd as he fled. Boyd was shot in the thigh and sustained a serious injury. The entire incident was witnessed by Chasity Lewis.
STANDARD OF REVIEW
¶ 5. In reviewing a sufficiency of the evidence claim, the Court considers the evidence in the light most favorable to the verdict. Bush v. State, 895 So.2d 836, 844 (¶ 16) (Miss.2005). If any reasonable trier of fact could have found the essential elements of the crime beyond a reasonable doubt, we uphold the verdict. Id.
ANALYSIS
¶ 6. Taylor argues that there was not sufficient evidence to support his conviction. Taylor asserts that because no one actually saw him shoot Boyd or demand money, then he should have been acquitted. We look at each count.
¶ 7. The elements of the crime of armed robbery are: (1) feloniously taking or attempt to take; (2) from the person or from the presence the personal property of another; (3) against his will; (4) by violence to his person or; (5) by putting such person in fear of immediate injury to his person; and (6) by the exhibition of a deadly weapon. Miss.Code Ann. § 97-3-79 (Rev.2000). Boyd, McAdory, and Lewis identified Taylor as the assailant. Boyd and McAdory testified that Taylor demanded their money and fired a gun and the bullet through the windshield of the car. There was sufficient testimony to support the jury’s verdict that Taylor was guilty of armed robbery. The testimony of one credible witness is sufficient to sustain a conviction. Williams v. State, 512 So.2d 666, 670 (Miss.1987).
¶ 8. The elements of the crime of aggravated assault are: (1) attempt to cause or purposely or knowingly causes serious bodily injury to another, (2) with a deadly weapon or other means likely to produce death or serious bodily harm. Miss.Code Ann. § 97-3-7(b) (Rev.2000). Boyd, McAdory, and Lewis testified that Taylor chased Boyd, as he fled from the car, and fired a gun at him. Boyd was shot in the leg by a bullet and sustained serious injuries. Boyd testified about the extent of his injuries. Accordingly, there was sufficient testimony to support the jury’s verdict that Taylor was guilty of aggravated assault.
¶ 9. We find no merit to the issues raised by Taylor. We affirm.
¶10. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT OF CONVICTION OF TWO COUNTS OF ARMED ROBBERY AND ONE COUNT OF AGGRAVATED ASSAULT AND SENTENCE OF THIRTY FIVE YEARS ON EACH COUNT OF ARMED ROBBERY TO RUN CONCURRENTLY *1270 AND TWENTY YEARS FOR AGGRAVATED ASSAULT TO RUN CONSECUTIVELY TO THE ARMED ROBBERY SENTENCES IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., BRIDGES, IRVING, CHANDLER, BARNES AND ISHEE, JJ., CONCUR.